DANIEL F. McCARTHY & another *vs.* ALBERT D. SWAN.

Essex. Nov. 1, 2, 1887. — Jan. 4, 1888. DEVENS & KNOWLTON, JJ., absent.

A case pending in court was sent to an auditor. The parties and a third person appeared before the auditor and filed with him an agreement appointing him referee, and submitting to him all matters in dispute between the three, growing out of a certain matter referred to in the declaration. The agreement was headed with the name of the case and the court in which it was pending. The submission was stated to be "in the above entitled action," the referee was to report to the court, and final judgment was to be entered in the action upon the coming in of the referee's report. No rule of reference was issued by the court. *Held*, that the agreement was not one *in pais*, and did not work a discontinuance of the action. *Held, also*, that, as the defendant was not indebted to the plaintiff and to the third person jointly, no rule of reference could have been issued in the action; and that the referee's award could not be accepted.

CONTRACT. Writ dated May 21, 1883, and returnable to the Superior Court. The declaration contained four counts, and alleged, in substance, that one William Sullivan made a contract with the city of Somerville to build a sewer in said city; that Sullivan became indebted to the plaintiffs, and assigned to them his claim against the city for building the sewer; that Sullivan also became indebted to the defendant, and assigned the same claim to him, said assignment being made after the assignment to the plaintiffs; that the plaintiffs agreed that the defendant's claim and assignment should have preference over their assignment to the amount of $7000; that the defendant should receive from the city the whole amount due to Sullivan, and, after deducting $7000, should pay so much of the residue to the plaintiffs as should be sufficient to pay the plaintiffs' claim against Sullivan; and that the defendant had received from the

city the amount of $23,000, but refused to pay the plaintiffs the amount due them.

At December term, 1883, a commission in ordinary form issued to W. F. Gile, Esq., as auditor. On February 13, 1885, the parties to the action appeared before the auditor, and they together with Sullivan executed an agreement of reference, which, after stating the name of the case and the court in which it was pending, proceeded as follows:

"In the above entitled action all matters in dispute between Daniel F. McCarthy, Mary McCarthy, and William Sullivan, and Albert D. Swan, arising out of the transactions and relations of the parties in the construction of the sewer in Somerville which is referred to in the declaration, are referred to the final determination of W. F. Gile, Esq., of Lawrence in said county, who shall hear the parties and report to said court what sum, if any, is due from said Swan to said parties, or either of them.

"And in case the referee shall find and report that anything is due from said Swan to said parties, or either of them, final judgment shall be entered for such sum in this action upon the coming in of the referee's report. And in case no sum is found to be due from said Swan to these parties, or either of them, final judgment shall be entered for the defendant in this suit; which judgment the parties agree shall have the same effect as though said Sullivan were a party plaintiff to this suit."

The defendant died on August 27, 1885, and on July 3, 1886, Alvin E. Mack, the executor of his will, appeared as a party defendant. On July 2, 1886, the parties appeared before said Gile, acting as referee under said agreement, and a hearing was begun. On the next day papers containing the suggestion of the defendant's death, the appearance of the executor, and the agreement of reference, were filed in the office of the clerk of the Superior Court; but no rule of reference was taken out.

On December 31, 1886, the referee filed his report, stating that there was due from the defendant to the plaintiffs the sum of $2374.23, with interest from April 10, 1880; and to William Sullivan the sum of $6000, with interest from April 10, 1880; "making a total sum of $11,751.84, inclusive of interest

reckoned from the tenth day of April, 1880, to the date of this award, for which total sum final judgment is to be entered in this action, according to said agreement of reference."

The defendant filed twenty-four objections to the acceptance of the award, of which only the following need now be stated :

" Because there is now no case pending in which a judgment upon said award can be entered, and the parties to said award are not before the court. . . . .

" Because the said arbitrator was not appointed such by the court in which the suit of Daniel F. McCarthy and Mary McCarthy against Albert D. Swan was pending. . . . .

" Because by the alleged submission certain matters in dispute between Daniel F. McCarthy, Mary McCarthy, and one William Sullivan (the said Sullivan not then, at the time of the execution of said alleged submission, being, and never having since become, a party to said suit), were referred to arbitration.

" Because the alleged submission worked a discontinuance of said suit.

" Because the said W. F. Gile had no authority to make or to return to this court any award.

" Because this court has no jurisdiction in respect to said award.

" Because no judgment can be entered by this court upon said award."

On January 24, 1887, the plaintiffs filed a motion to amend the record by the issue of a rule of reference as of the day of the filing of said agreement, and on January 25, a motion for the acceptance of the award, and for judgment.

At the hearing on these motions, and on the objections of the defendant to the acceptance of the award, before *Bacon*, J., it appeared that in 1876 Sullivan was building a sewer under a contract with the city of Somerville; that he was indebted to the plaintiffs and to Swan for money lent to carry on the work, and for labor on the sewer, and had given assignments to Swan, and to the plaintiffs jointly, of the whole sum coming to him from the city of Somerville, to secure what he owed them; that the amount due from the city was settled by suit, and the whole sum due, which was $23,160, was paid to Swan on an execution issued in his name, which execution was

so issued by agreement and consent of the plaintiffs and of Sullivan.

The plaintiffs offered to prove the acts and declarations of the parties, as tending to show their understanding that the hearings before the referee were had under a rule of court; and also offered to prove by the referee the same declarations, and that he heard the case understanding that he was acting as referee under a rule of court.

The judge ruled that he had no power to amend the record by ordering the issue of a rule of reference as of the date of the filing of said agreement, and refused for that reason, and not as matter of discretion, to grant the plaintiffs' motion for such rule ; and held, as matter of law, that said report could not be accepted, nor judgment ordered thereon. The judge further ruled that the agreement of reference was a submission *in pais*, and did not entitle the plaintiffs to judgment upon the award, and that it worked a discontinuance of the action; and he ordered judgment therein as on a discontinuance, and reported the case for the determination of this court.

*S. Lincoln & C. U. Bell*, (*J. P. Sweeney* with them,) for the plaintiffs.

*W. S. Knox & A. C. Stone*, for the defendant.

C. ALLEN, J. 1. The agreement of reference did not have the effect to discontinue the plaintiffs' action. It was not intended to take effect as a submission *in pais;* but as a reference in court. It is entitled as an agreement in the action which was pending between the plaintiffs and the defendant in the Superior Court. It is stated to be a submission " in the above entitled action." The referee was to " report to said court." Final judgment was to be entered in this action, upon the coming in of the referee's report. The whole phraseology of, the agreement contemplated a reference as a step in the action, and as a means of determining the judgment to be entered in the action. The agreement therefore could not take effect as an agreement for a reference *in pais*, which would work a discontinuance of the action. Such was not the intention of the parties.

2. Sullivan was no party to the action, nor could he be. There was no pretence of an indebtedness of the defendant to the plaintiffs and Sullivan jointly. The claims of the plaintiffs

and of Sullivan grew out of the same matter, but they were in law distinct. Nor was there any agreement of parties by which the plaintiffs should be substituted as creditors of Swan, in place of Sullivan. Sullivan did not release Swan. Swan did not promise to pay to the plaintiffs whatever sum he might owe Sullivan. It was merely an agreement that the amount due to Sullivan, if any, should be ascertained, and included in a judgment in favor of the plaintiffs, but if nothing should be found due either to Sullivan or to the plaintiffs, then judgment should be entered for Swan, which judgment should have the same effect as though Sullivan were a party plaintiff. Under this agreement, if the referee should find that something was due to the plaintiffs, but that nothing was due to Sullivan, the plaintiffs would have judgment for the sum so found due to them; but no judgment could be rendered against Sullivan, and the stipulation did not include this contingency. It was contemplated by the parties that the claims of the plaintiffs and of Sullivan should be treated and passed upon separately, and they were so treated and passed upon. This agreement falls short of constituting a substitution or novation of parties; 2 Chit. Con. (11th Am. ed.) 1374; *Derby* v. *Sanford*, 9 Cush. 263; and indeed it has not been contended otherwise in argument.

The effect of the agreement, therefore, was that the referee should hear and pass upon a new and separate cause of action, held by one who was not and could not be a party to the record, and make report thereon to the court. If application had been seasonably made to the court for a rule of reference upon this agreement, such rule could not properly have been issued, because neither Sullivan nor his claim was or could be before the court. *Porter* v. *Dickerman*, 11 Gray, 482. The court could not give effect to such an agreement. A reference under rule of court cannot properly embrace the claim of a party not before the court. Nothing short of an agreement which would amount to a novation, by which the plaintiffs should be substituted for Sullivan as creditors of Swan, to all intents and purposes, and the claim of Sullivan extinguished, would enable the plaintiffs to declare in their own names upon this claim against the defendant, and to amend their pleadings by adding this new cause of action. Nothing short of this would make it proper to issue

a rule of reference embracing the claim of Sullivan. None of the cases heretofore decided have gone further than to hold that other matters of controversy between the parties to the action may be included in a submission under a rule of court. *Berkshire Woollen Co.* v. *Day*, 12 Cush. 128. *Commonwealth* v. *Pejepscut Proprietors*, 7 Mass. 399, 417. *Haskell* v. *Whitney*, 12 Mass. 47. The agreement of the parties in this case, as in *Foster* v. *Durant*, 2 Cush. 544, cannot be carried into effect according to the rules of law.

It is objected by the defendant, that a rule of reference should not be issued *nunc pro tunc*, even if it might properly have been issued before the hearing; but we do not need to go into that question, being of opinion that it could not properly have been issued at the outset.

The result is, that the judgment for the defendant must be reversed, that a rule of reference under the agreement must be refused, and that the case stand for further proceedings.

*Judgment reversed.*