# CHARLESTON.

RUNYON *v.* RUTHERFORD.

Submitted March 9, 1904—Decided March 22, 1904.

**1.** ARBITRATION—*Submission—Procedure.*

An award of arbitrators, made under a submission entered into between the sole defendant and one of two co-plaintiffs in an action of *assumpsit,* brought for the recovery of the debt due to the plaintiffs jointly, for the determination of the matter in controversy in the action, whereby it was further agreed that the award should be entered as the judgment of the court, is neither void nor voidable merely because of the failure of the other party to unite in the submission nor because the umpire failed to append the word "umpire" to his signature, and affixed in lieu thereof the word "arbitrator." (p. 439).

**2.** AWARD—*Parties.*

An award so made is binding upon the parties to the submission, though it does not bind those who are not parties to it. (p. 440).

Error to Circuit Court, Mingo County.

Action by Lewis Runyon against Lewis Rutherford and others. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

J. S. MARCUM and J. B. WILKINSON, for plaintiff in error.
SHEPHERD & GOODYKOONTZ, for defendant in error.

POFFENBARGER, PRESIDENT:

The entry of an award of arbitrators as the judgment of the
court in an action of *assumpsit* in the circuit court of Mingo
county is the subject of complaint here, and the principal as-
signments of error rest upon two grounds, namely, that the
award is not final for want of a necessary party to the submis-
sion, and that the umpire signed it as arbitrator, instead of um-
pire. To show the propriety of the application of certain legal
principles, under which the first objection to the award is
deemed to be untenable, it is necessary to state the nature and
origin of the claim sued on and the proceedings which resulted
in the arbitration and judgment complained of.

On or about the 20th day of November, 1896. Elliott Ruther-
ford, Sr., and Louis Rutherford caused to be printed, posted
and circulated a hand bill or advertisement, whereby they ac-
cused Anderson, alias "Cap," Hatfield of the murder of John
and Elliott Rutherford at Matewan, Mingo county, November
3, 1896, and offered to pay a reward of five hundred dollars for
his arrest and delivery to the jailer of said county. On the 20th
day of the same month, J. H. Clark and Daniel Christian made
the arrest and had the prisoner committed as aforesaid. Clark
assigned his interest in the amount claimed under the offer of
reward to Louis Runyon, who, as assignee, together with Chris-
tian, brought this action, January 25, 1897, against said Elliott
and John Rutherford to recover said sum of five hundred dol-
lars. The date of the alleged assignment is not made clear by
the record, but prior to the commencement of the action, De-
cember 10, 1896, the following receipt was executed: "Received
of E. Rutherford and Louis Rutherford in full the reward of-
fered by them for the arrest of Cap Hatfield for the murder of
John and Elliott Rutherford at Matewan, November the 3.
1896. Louis Runyon per W. S. B. agent of J. H. Clark."
It appears that, on or about the date of this receipt, Clark was
under a criminal charge of some kind which necessitated his
giving a recognizance or bond, and he executed this release in
consideration of fifty dollars cash paid to him by the Ruther-

fords and their giving or furnishing such bond for him. Clark swears he agreed to, and did, release only his interest, but Elliott Rutherford testified that Clark agreed to release the whole of the claim, according to the tenor and purport of the receipt. How this testimony got into the record does not appear, but it seems to have been given at a trial had at the May term, 1898, which must have been abortive for some reason not disclosed by the printed record. After the issue was made up, the case was continued from term to term until January 10, 1900, when, upon the suggestion of the death of Elliott Rutherford, the action was abated as to him, and again continued. On the 27th day of August, 1900, Daniel Christian and Louis Rutherford made an agreement in writing under seal, submitting "the matters in controversy in said suit" to the arbitrament and finel award and determination of John A. Sheppard and H. K. Shumate, and, upon their failure to agree, or disagreement within a specified time, to the determination and umpirage of such third person as to the said arbitrators should select, and agreeing that the award should be entered as the judgment in the case. Failing to reach an agreement, the arbitrators selected Paul W. Scott as umpire, who, on the 25th day of September, 1900, after having heard the evidence and argument of counsel, sitting with the arbitrators, made an award, in writing, signed by himself and John A. Sheppard, styling themselves arbitrators, whereby it was ascertained that there was due from Rutherford to Christian the sum of $307.50, with interest thereon from the date of the award, and costs amounting to $42.60. Subsequently, the award was entered as the judgment of the court over the objection of the defendants.

Counsel for plaintiff in error say the award is utterly void as to all parties and for all purposes for want of finality and mutuality, because of the failure of Runyon to join in the submission, and, in support of this contention, they cite *Gregory* v. *Deposit & Trust Co.*, 36 Fed. Rep. 408; *McCarthy* v. *Swann*, 145 Mass. 471; and *Turner* v. *Stewart*, 51 W. Va. 493. The first of these cases seems to have been a complicated suit in equity, involving many issues. The second one is a case in which, after a reference, the parties, together with another person who was no party to the suit, but who had a separate and distinct interest connected with the matters in controversy be-

tween the parties, entered into an agreement that the determination of the referee should be final and entered as the judgment of the court. It was held that the claim of this third party was not thereby brought into the suit, and the court refused to enter the award. *Turner* v. *Stewart* only holds that an award is not binding upon a party who did not unite in the submission. It does not decide that an award, made under a submission entered into by some of the parties to a pending suit, is void as to those who do submit their matters in difference to arbitrators. Whatever may be said of the other two authorities relied upon, the rule is well settled in the law of this State that an award made under such a submission is binding upon the parties to it, although they be parties to a pending cause, and other parties to it do not join. In *Fletcher* v. *Pollard,* 2 Hen. & Munf. 544, the court held: "If pending a suit in chancery brought by one of three mercantile partners against the other two, for a settlements of the accounts of the copartnery, the plaintiff and one of the defendants agree to refer all matters in differnce between them, relative to the subject in controversy, to arbitrators, (whose award is to be the decree of the court,) according to which agreement an order of reference is made; and the arbitrators make a report that they had examined and stated the books of the copartnery, and award the payment of certain sums by the other defendant, as the only debtor to the plaintiff and to the defendant, who agreed to the reference; and state that the payments already made by that defendant discharge him from any further claim of the plaintiff on account of the copartnery; such report ought to be considered as an award, and sufficiently final and good between the parties who agreed to the reference." Fleming, Judge, said: "The award appears to be perspicious and just, and ought, in my opinion, to be conclusive, at least between the parties who agreed to the special reference." *Wood* v. *Shepherd,* 2 Pat. & H. (Va.) 442, holds that: "One partner has no authority, by virtue of the partnership relation, to bind his co-partners, by an agreement, to submit claims or transactions, growing out of the partnership business to arbitrators. But the partner, who makes such agreement, is bound thereby, and the agreement is valid and binding between the parties thereto." Though not under a submission made by the parties to a pending suit, the award in *Wood* v.

*Shepherd* was, in all substantial respects, like the one now under consideration. It was a voluntary submission by agreement, and the court very properly held that the parties to it, although without authority to bind others, could, upon obvious principles of law, bind themselves. To deny this right would be to limit the natural right of the individual to make and claim the benefit of contracts. Thompson, Judge, said, in the above case: "It is certainly not a very obvious consequence, that because those who do not submit are not bound by the award, those who do should not be. On the contrary, the very reverse of this proposition would, at the very first blush, seem to be the most reasonable. Wood and Shepherd had the perfect right and the full power to bind themselves whilst they could not bind outstanding co-partners. Shepherd was beyond question irrevocably bound. There is nothing wrong or unusual for one man to submit for himself and another, taking upon himself the peril of his dissent or non-acquiescence." To the same effect, see *Boyd's heirs* v. *McGruder's heirs,* 2 Rob. 761, differing somewhat in its facts from the case last above cited, but not in principle.

*Forrer* v. *Coffman,* 23 Grat. 871, though not binding authority upon this Court, reaffirms the principles formerly announced by the Virginia court, holding that where, in a pending suit by a plaintiff against co-partners, the plaintiff and one of the defendants made a submission of the matters in controversy, agreeing that the award shall be entered as the judgment, the award is binding upon the parties to the submission and should be entered up as the judgment in the action. Staples, Judge, said: "The second objection is, that Clippenger is not noticed in the award, although he is a party to the action, and one of the lessees of the property involved in the decision of the arbitrators. The answer is, that Clippenger was in no way concerned in the submission, and cannot, therefore, be bound by the award. The defendant Forrer agreed to surrender the lease, to assume any liability which might attach to the firm, and to pay the plaintiff for the rent of the property such sum as should be ascertained by the arbitrators. The award may not be binding upon Clippenger, who was no party to the submission; but it is none the less valid as to Forrer, who did assent to it. As to him, the award is within the terms of the submission."

By becoming litigants, parties do not lose or surrender the right or power to make contracts and bind themselves in respect to the matters in controversy. Consent decrees and judgments by confession are not unusual in the courts and, when made, parties are more firmly bound by them than by decrees and judgments obtained in the regular course of procedure, for they cannot be disturbed for anything except fraud or, perhaps, mistake. In such cases, all errors and irregularities are released and waived. Without his consent, Rutherford could not be subjected to two suits upon this demand, one by Christian and the other by Runyon, but no principle of law is recalled which precludes him from agreeing to a severance of this demand and making himself liable for two actions on account thereof, if such a thing could result from holding this award valid. It cannot be said that he was ignorant of any interest Runyon may have in the controversy for he was a party to the action, the declaration in which apprised the defendant of his alleged interest. Neither surprise, mistake nor other adventitious circumstance, calling for relief or working injustice, appears, and the ancient jealousy of the courts on the subject of their jurisdiction which lead them to discourage arbitrations, and which seems to have governed the action of the court in *McCarthy* v. *Swann,* 145 Mass. 471, has long since yielded to the modern view of the speedy and economical adjustment of controversies by means of them.

A question somewhat discussed, but not important, is whether the receipt given by Clark is conclusive upon Runyon. However that may be, it does not conclude Christian, because it is admitted that the debt due to him and Clark jointly was not paid to the latter. Ordinarily, a joint creditor may collect the whole debt, and payment to him is binding upon his co-creditor, but he cannot release without payment, so as to prejudice the other party. Parsons Con. 730. Part payment made to one would operate to reduce the amount of the recovery, but both creditors would still have to sue for the balance due, because the promise or obligation is to them jointly and not made to either separately. It does not preclude him from suing, but may prevent recovery of more than one-half of the debt, as to which matter no question arises here.

The only remaining contention is that the failure of the um-

pire to affix the word "Umpire" to his signature, and that his signing the award with one of the arbitrators and describing himself as arbitrator invalidates the award. To so hold would set it aside on purely technical, and extremely narrow, grounds. From the award itself, it appears that he was the umpire and not an arbitrator, and, therefore, that the misdescription is nothing more than a clerical error. Taking the instrument and construing it as a whole, the court is bound to say he makes an award as umpire and not as an original arbitrator, and this is the rule of construction universally applied.

These conclusions result in an affirmance of the judgment.

*Affirmed.*