FERDINAND VAN POUCKE V. THE NETHERLAND ST. VINCENT DE PAUL SOCIETY.

*Mutual benefit associations—By-laws—Decision of "sick committee."*

Plaintiff sued the defendant, a mutual benefit and co-operative insurance company, of which he was a member, for money claimed to be due him for a "sick benefit." The by-laws of the company provided for a "sick committee," whose duty it should be to *investigate* and *determine* whether a member was entitled to such benefit, which decision was to be final, and the committee to be the *sole "deciders"* of the question. After plaintiff had received assistance for a time, he was cited before the committee, and after a hearing they decided that he was *not* entitled to receive any *further* benefits on account of his injury, of which decision he was duly notified.

*Held,* that the by-law was *reasonable* and not against public policy, and became a part of plaintiff's contract of membership; and, no charge being made that the committee acted *oppressively, fraudulently,* or otherwise than from *upright* motives, their decision was final.

Error to Wayne. (Speed, J.) Argued October 7, 1886. Decided October 28, 1886.

Assumpsit. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*G. F. Beasley,* for appellant.

*George Gartner,* for defendant.

CHAMPLIN, J. The defendant is a mutual benefit and co-operative insurance society, incorporated under the laws of this State, formed for the purpose of raising a fund,

through monthly payments by its members, to assist its sick and needy members, and, in case of death, to bear certain expenses of the funeral. It has a constitution and code of by-laws. The by-laws provide for the appointment of a committee of six members, called the "Sick Committee," whose duty it is to investigate and determine whether a member is entitled to benefit on account of sickness, and they are to be "the only and final deciders thereof."

A member, being sick, and authorized as such by the committee to receive benefits, is entitled to receive, after the first week of his sickness, five dollars a week, so long as he is unable to work, such period not to extend beyond six months. The society is under no obligation to extend aid after the six months have elapsed, but the president may call a meeting to further resolve and consider the aid of such unfortunate member.

The by-laws further provide that, in case an absent member gets sick, he should immediately notify the secretary, as the benefits accrue only from the time of such notification. He is also required to have the certificate of the doctor, who must investigate him at least once a week, and also he must have the certificate of the priest and a justice from the place where he resides. It is made the duty of the sick committee to visit the sick once a week. Neglecting this, they are liable to a fine of fifty cents. They shall also see if sick members have the right to benefits provided by the rules and by-laws of the society, and provide them with necessary aid.

The by-laws also provide for an investigating committee, composed of twelve members, whose duty it is to judge of complaints which may arise against officers or members failing to perform their duty.

The plaintiff became a member of this society in 1868, and agreed to fulfill all his duties, and to be obedient to all the laws and rules of the society which are not contrary to its constitution.

On January 15, 1883, while at work, he slipped, fell, and broke one of the bones of his wrist, which disabled him from work.   He received benefits from the society to the amount of $25.   At the end of this time, complaint was made to the investigating committee that plaintiff had resumed work, and he was charged with receiving benefits when not entitled to them.   The sick committee also investigated the matter, and requested plaintiff to appear before them, which he did, and, after investigation and deliberation, they decided that he was not entitled to receive any further benefits on account of his injury, and so notified plaintiff.   Plaintiff claims, and so testified, that he was not able to work for six months with that arm, and that he carried it in a sling for ten or eleven weeks, and carried it bandaged for about four months.

The court instructed the jury that,—

"Where a party makes a contract of this kind with himself and other persons, providing certain conditions on which he shall receive benefits from one of these organizations, he can only recover according to the terms which he has provided for in the by-laws; and if he has provided for a committee to determine the question for him, and he has referred it to a committee to determine the question as to whether he is sick, he made that a tribunal to determine that, and he must be governed by it.   He cannot recover outside of the condition which he has fixed for himself.   It is as much a part of his contract as any other portion of it.   He is to have his sick benefit when the committee says he is entitled to it, and he referred that matter to a committee to decide that question, and, of course, the decision of the committee, whatever that is, is final.

"If the committee decides he is entitled to it, and the corporation then refuses to pay, of course he has an immediate remedy against the society, and the committee stands between him and the society to determine those questions. Now, if you find that this committee has determined this question against him, then he is not entitled to recover.   On the contrary, as that seems the only question, if you find the committee has not passed upon it,—has not determined against him; it did not act,—then you may render a verdict in his favor for the amount claimed."

This charge must be considered with reference to the facts of this particular case. If the by-law was reasonable and valid, not oppressive nor against public policy, it forms a part of the contract, and the plaintiff is bound by its terms.[1] The court below evidently regarded it as a valid by-law, and his charge was based upon that view. This was a mutual benefit co-operative insurance society. . The members stood upon an equal footing, and this by-law operates upon all alike. It is reasonable that the sick committee should be invested with authority to determine whether a member claiming to be sick is entitled to the benefit provided for in the by-law, and also when such benefit should cease.

In a society comprising a numerous membership, deriving its revenues from small monthly contributions, it is of the utmost importance that its business should be carried on inexpensively, and with a proper regard to the object sought to be accomplished. It is necessary that there should be some mode of determining the question of when relief should be given and denied, and the method provided in the by-law seems well adapted to the circumstances and needs of such a society. There is nothing oppressive in the terms of the by-law, and it contains nothing which the policy of the law forbids. If it is enforced in good faith, and with impartiality, which the members pledge themselves to do, it must result in benefit to sick members, and at the same time protect the funds of the society from depletion by the undeserving.

No charge is made against the committee of having acted oppressively, fraudulently, or otherwise than from upright motives. The construction placed upon the contract entered into by plaintiff in becoming a member of this society was correct, and the question of fact bearing thereon was properly left to the jury.

The remarks of the court preceding the language quoted

[1] See *Allnutt v. Subsidiary High Court*, 62 Mich. 110.

from his charge, and to which exception was taken, were not prejudicial, in view of the remainder of the charge, which defined the issue, and directed the attention of the jury to questions of fact to be decided by them.

Exceptions were taken to the rulings of the court relative to the admission and exclusion of testimony. No error is discovered in such rulings, and the judgment must be affirmed.

The other Justices concurred.