## CITY OF MOBILE v. WOOD.

### (Circuit Court, S. D. Alabama. February 11, 1899.)

1. ARBITRATION—POWER OF ONE JOINT OWNER TO CONSENT FOR ALL.
   A joint owner with others of a water company, owning property and franchises in a city, cannot bind his co-owners by his consent to an arbitration with respect to such property and franchises without their express authority; and a general agency to have the custody and management of the property does not confer such authority.

2. SAME—CONSENT OF ALL PARTIES NECESSARY.
   A submission to arbitration without the consent of all parties whose interests may be affected by the award is irregular and void.

3. SAME—AWARD IN EXCESS OF SUBMISSION.
   If arbitrators exceed the powers conferred on them, it renders their award void in toto, unless the excess is clearly separable from the part which is within the submission.

On Demurrer to Bill.

B. B. Boone and E. L. Russell, for complainant.
Bestor & Gray and R. H. Clarke, for defendant.

TOULMIN, District Judge. From my view of this case, it is unnecessary for me to consider the many points raised by the demurrer to the bill. One of the questions raised, and which I consider decisive of the case, is whether the submission to arbitration, and the award thereunder mentioned in the bill, is binding on the defendant. It appears from the bill that the defendant, Walter Wood, owns $51^{28}/_{100}$ interest in the Stein Waterworks; that he did not concur in the appointment of the arbitrators, or consent to the submission, and that he has not, since the award was made, accepted or ratified the same, but has repudiated the award, and refuses to be bound by it. The agreement set out in the bill, and the acts of the legislature of Alabama ratifying and confirming the same, vested Albert Stein, his executors, administrators, and assigns, with certain rights and privileges in the nature of a franchise for supplying water to the inhabitants of the city of Mobile, and provided for their procuring the necessary ground for the reservoir, engine, and pump house, and that through which the pipes should pass, and also that they should be vested with the absolute right and ownership to any land they may acquire for the purpose in the manner provided for in said act. It was also provided that Albert Stein had full power and authority to dispose of any and all of the said privileges, rights, immunities, etc., by deed or otherwise. It appears that the defendant has acquired, by assignment or otherwise, a large interest in the Stein Waterworks, whether they consist of the specified franchise alone, or of land and other tangible property as well. He is a joint or co-owner with the other owners of such property. Each in respect to the other is seised of the whole, but, for the purpose of alienation, forfeiture, and the like, he is seised only of his undivided part or proportion. 4 Kent, Comm. 377. An estate in a franchise and an estate in land rest upon the same principle. 3 Kent, Comm. 573. Where there are several parties jointly interested in the same matter, those only who submit to an arbitration are bound by the award. One cannot bind

the other by a submission, except by special authority. 2 Am. & Eng. Enc. Law (2d Ed.) p. 619, and note 1.

A submission to arbitration without the consent of all parties whose interests may be affected by the award is irregular and void. Gregory v. Trust Co., 36 Fed. 408. It is not claimed here that the defendant gave any special authority to any one to consent to the submission for him, but it is contended that Louis Stein, one of the defendant's co-owners, who was in the actual custody and management of the waterworks, consented to the submission, and appointed some of the arbitrators in it. The answer is that a general agent has no authority to submit to arbitration. Special authority for the particular purpose is necessary. 2 Am. & Eng. Enc. Law (2d Ed.) 619. It is well-settled that one partner has no right, without the concurrence of his co-partner, to submit to arbitration partnership matters. Fancher v. Furnace Co., 80 Ala. 481; 2 South. 268, and authorities cited. And greater is the reason that an owner of land or of a franchise has no right, without the consent of his co-owner, to submit to arbitration any matter by which the latter's interests in their joint property may be affected, for each is seised only of his undivided part and proportion, and, being so seised, has no right to bind or affect the other's part or proportion. An arbitrator is a person selected by the mutual consent of the parties to determine the matters in controversy between them. 2 Am. & Eng. Enc. Law (2d Ed.) 633. There was no mutual consent of the city of Mobile and the defendant to select arbitrators to determine any matter between them. This is admitted by the bill; but it is sought to bind the defendant by the action of his co-owner and manager of the waterworks. This, in my opinion, cannot be done. The objections based on defendant's want of consent to the submission and failure to concur in the appointment of arbitrators is fatal to the award. Montgomery Gaslight Co. v. City of Montgomery, 87 Ala. 251, 6 South. 113.

Again, the power of the arbitrators was limited to the precise question submitted, and that, under the original agreement, was to assess the actual value of the waterworks. 2 Am. & Eng. Enc. Law (2d Ed.) 671, and note 1. They could not lawfully go beyond the terms of the submission in order to do general justice. Id. 672, and note 1. They went beyond, and undertook to adjust and pay certain debts or obligations of the waterworks. This was beyond their power. If the arbitrators exceed the powers conferred on them, it will render their award void, unless the excess can be separated from the part which is within the submission. Id. 669. When the part of the award which is bad is not so clearly separable from the rest that it cannot be seen that the good part is not affected by the invalid part, then the award will be void in toto. Id. 746, note 1. Such, it seems to me, is the case here. A void award, like a void contract, will not be specifically enforced. 1 Brick. Dig. 692. But it is needless to pursue further discussion of this point. The opinion expressed by me on the first point considered is conclusive of the case, in my view of it. It is therefore ordered, adjudged, and decreed that the demurrer on the 3d, 7th, 9th, 11th, 13th, and 14th grounds set forth be sustained.