HOSTE *v*. DALTON.

1. EQUITY—DECREE—FILING OPINION.

Whether or not a decree is void because the opinion was not filed within six months after final submission of the cause,. as required by 1 Comp. Laws, § 558, is not presented for decision by a record that merely shows that, after the close of the testimony, time was given counsel to file briefs,. and it does not appear that the briefs were filed more than six months before the decision of the controversy.

2. SAME—WAIVER OF OBJECTION.

Participation by defendants' counsel in the settlement of a decree without raising the objection that no opinion was rendered within six months after the case was finally submitted, as required by 1 Comp. Laws, § 558, waives the objection.

3. MARRIED WOMEN—ARBITRATION.

Section 10924 of the Compiled Laws, excepting "married women" from the persons who are thereby authorized to enter into a statutory arbitration, has no application to an. agreement for a common-law arbitration.

4. SAME—COMMON-LAW ARBITRATION.

Section 8690 of the Compiled Laws, providing that a married woman shall have complete power to contract with relation to her own property, empowers a married woman to enter into an agreement for a common-law arbitration.

5. ARBITRATION AND AWARD—PARTIES—CONCLUSIVENESS.

Where one of testator's children, interested in the probate of his will, was not a party to a contest thereof, an arbitration agreement for the settlement of such contest was not void by reason of her failure to sign the same, since she could not be affected by the award.

6. SAME—AGREEMENT—CONSTRUCTION.

Where the parties to a will contest entered into an arbitration agreement for the settlement thereof, providing that if any question should arise as to the construction and enforcement of the agreement it should be submitted for decision to the circuit court, such agreement should be construed to refer to the side of the circuit court having jurisdiction of the controversy that might arise, and was not limited to the law side of the court, on which the will contest was then pending.

7. SAME—COURTS—OUSTING JURISDICTION—APPEAL.

Where an arbitration agreement provides that any controversy between the parties thereunder shall be submitted to the circuit court, and that its decision shall be final, such agreement is valid and binding on the parties, though it ousts the Supreme Court of jurisdiction of an appeal, and precludes a review of the decision of the circuit court.

8. PUBLIC POLICY—DISCOURAGING LITIGATION.

On grounds of public policy, litigants should be encouraged to accept as final the decisions of courts of original jurisdiction.

Appeal from Wayne; Hosmer, J. Submitted June 17, 1904. (Docket No. 36.) Decided September 13, 1904.

Bill by Catherine Hoste and others against Honorah Dalton and others to compel specific performance of an agreement to arbitrate. From a decree for complainants, defendants appeal. Affirmed.

*Ed. E. Kane*, for complainants.

*Robert M. Dalton*, for defendants.

CARPENTER, J. Honorah Dalton is the widow of Lawrence Dalton, deceased. The other parties to this suit are the children of said Lawrence and Honorah. The parties to this suit entered into a written agreement by which they settled a pending contest of the will of said Lawrence Dalton, deceased. Complainants brought this suit to enforce said agreement, and obtained a decree in the court below. Defendants insist that said agreement should be vacated, because no opinion was filed therein within six months after the cause was finally submitted, as required by section 558 of the Compiled Laws of 1897. It is not necessary in this case to determine whether or not the proper construction of this statute renders void a decree not entered within said six months, as it does not clearly appear on this record that the statute was violated. When the testimony was closed, time was given counsel to file briefs, and it does not appear that these briefs were filed

—that is, that the case was, in the language of the statute, "finally submitted"—more than six months before the decision of the controversy. We are compelled also to say that defendants' counsel waived the objection by participating in the settlement of the decree without raising it.

The agreement sought to be enforced in this case contained a provision by which the amount which defendants Lawrence J. and Robert M. (proponents in the will contest) were to pay complainants (contestants in the will contest) was to depend upon the value of certain lands left by said Lawrence, deceased. This value was to be determined by the majority of three arbitrators. The arbitrators were to be appointed in the usual manner. Two of said arbitrators signed a report, agreeing on the value of said land. It is urged that this agreement for settlement is not binding, because complainants, being married women, were incapable of entering into a contract of arbitration. The arbitration in question was not a statutory arbitration, and therefore the clause in section 10924 of the Compiled Laws of 1897, excepting "married women" from the persons who may enter into a statutory arbitration, has no application. The arbitration in question was a common-law arbitration, and in our judgment section 8690, 3 Comp. Laws—the statute which gives a married woman complete power to contract with relation to her own property—authorized the making of the contract in question. See Morse on Arbitration and Award, p. 27.

It is also contended that the contract was invalid because Margaret Baumgartner, another child of Lawrence and Honorah Dalton, was not a party to, and did not sign, the same. Margaret Baumgartner was undoubtedly interested in the probate of her father's will. If the contest instituted by complainants had succeeded, she would have profited by it the same as they. But it is to be inferred from this record that she did not make herself a party to that controversy. It therefore follows that the decisions (see *Owen*

v. *Hurd*, 2 Term Rep. 643; *McCarthy* v. *Swan*, 145 Mass. 471 [14 N. E. 635]) which hold that all the parties to a controversy must sign the agreement to submit to arbitration have no application.  Nor is it true that the award of the arbitrators determined her rights.  The authorities (see *Gregory* v. *Trust Co.*, 36 Fed. 408; *City of Mobile* v. *Wood*, 95 Fed. 537) which hold that such agreements are invalid unless all parties who are bound thereby sign the same have therefore no application.

It is insisted that the award of the arbitrators is not binding because of various irregularities.  In our judgment these objections should not be considered by this court, because the parties to this suit have made a valid and binding agreement to accept the decision of the circuit court as final.  In the agreement, heretofore referred to, we find this language:

"If any question should hereafter arise between the parties hereto as to the construction and enforcement of this agreement, the same shall be submitted for decision to this court [the agreement was entitled in the circuit court for the county of Wayne] and its decision shall be final."

We cannot agree with defendants' counsel that this language, properly construed, referred to the law side of the court, in which the will contest was then pending.  It is much more reasonable to suppose that it referred to that side of the court which would have jurisdiction of the controversy that might arise, and that means in this case the chancery side of the court.  Nor can we agree that the proper construction of this language permits an appeal. It cannot be said that the agreement that the decision of the circuit court shall be final, as it can of an agreement that an award shall be "final and conclusive," merely indicates the intention of the parties to be bound by the decision.  See *Mussina* v. *Hertzog*, 5 Bin. (Pa.) 387.  The agreement that the decision shall be "final" necessarily implies that it shall not be reviewed by another court.

It is further objected that an agreement to accept the

decision of a lower tribunal as final — in other words, that an agreement not to appeal from such a decision — is invalid.    We are referred to no authority in support of this proposition.    On the contrary, there are numerous decisions holding the contrary.    See *Townsend* v. *Stone Dressing Co.*, 15 N. Y. 587; *People* v. *Stephens*, 52 N. Y. 306; *Riggs* v. *Insurance Co.*, 125 N. Y. 11 (25 N. E. 1058, 10 L. R. A. 684, 21 Am. St. Rep. 716); *Watson* v. *Wetter*, 91 Pa. St. 385; *Rogers* v. *Playford*, 12 Pa. St. 181.

It is contended that the agreement is invalid because it ousts the Supreme Court of jurisdiction.    It is true that it has been often held that an executory agreement to submit future disputes to arbitration are enforceable only by suit for damages, because such agreements oust the courts —that is, all courts—of their jurisdiction.    See *Chippewa Lumber Co.* v. *Phenix Ins. Co.*, 80 Mich., at page 120 (44 N. W. 1055); *White* v. *Railroad Co.*, 135 Mass. 216; also authorities collected, 2 Am. & Eng. Enc. Law (2d Ed.), pp. 570–578.    The agreement under consideration does not oust all courts of their jurisdiction.    On the contrary, it requires the decision of a court of competent jurisdiction, and the only court of original jurisdiction. It is true that the agreement, by preventing the defeated litigant from reviewing his case in the Supreme Court, ousts that court of its jurisdiction.    That agreement is not prohibited by the foregoing authorities.    On the contrary, as heretofore indicated, it is sustained by all of the authorities brought to our notice.    Unless the rule that makes agreements unenforceable because they oust courts of their jurisdiction is considerably extended, it does not apply to this case.    And we think it is authoritatively settled by our own decisions (see *Van Poucke* v. *St. Vincent de Paul Society*, 63 Mich. 378 [29 N. W. 863]; *Canfield* v. *Knights of Maccabees*, 87 Mich. 626 [49 N. W. 875, 13 L. R. A. 625, 24 Am. St. Rep. 186]; *Hembeau* v. *Knights of Maccabees*, 101 Mich. 161 [59 N. W. 417, 49 L. R. A. 592, 45 Am. St. Rep. 400]; *Fillmore* v.

*Knights of Maccabees,* 103 Mich. 437 [61 N. W. 785]) that it is not to be extended. We are therefore compelled to hold that the rule does not apply to this case.

We think on grounds of public policy litigants should be encouraged to accept as final the decisions of courts of original jurisdiction.

The decree appealed from is therefore affirmed, with costs.

The other Justices concurred.