BROWN *v.* BROWN.

(Decided March 14, 1930.)

*Messrs. Grant, Thomas & Buckingham,* for plaintiff in error.

*Messrs. Waters, Andress, Hagelbarger, Wise & Maxon,* for defendant in error.

WASHBURN, J.   The record in this case discloses that Katherine B. Brown, who will hereinafter be referred to as the wife, and Lucien S. Brown, who will hereinafter be referred to as the husband, entered into a written agreement by which they agreed to a separation and to a division and adjustment of their respective property rights, and in which it was agreed that the husband should pay to the wife, "for her maintenance and support, and for the maintenance and support of their said minor children, the sum of $125 per month, payable on the 15th day of each month, but the sum so agreed to be paid by the first party (husband) to second party (wife) for such

purpose shall be subject to change in accordance with the changed circumstances of the parties, and in accordance with the needs of second party (wife) and the earning capacity of first party (husband), and in the event either of said parties shall desire that the amount of said monthly payments be changed, and they are unable to agree upon the amount to be thereafter paid, either party may thereupon submit the question so to be determined to the Court of Common Pleas, or other court having like jurisdiction, at the place of residence of said children, *and each party agrees to be bound by the determination and judgment of such court.*"

It was also provided in said contract that, if either party should thereafter apply for a divorce, and the court should grant the same, said agreement should be submitted to the court for approval, and that, "in the event the same is approved by said court and found to be in all respects reasonable, the terms hereof shall be carried into the decree of divorce and shall operate as a *final determination* of the property rights of said parties * * * *subject,* however, to the provisions herein contained changing the amount of the monthly payments herein required to be made, in accordance with the changed condition of the parties."

Thereafter the wife brought an action for divorce, custody of children and determination of property rights between the parties, and by the decree in that case the wife was granted a divorce and the custody of the two children of the parties, and in said decree it was expressly found by the court that the parties had theretofore entered into said contract in writing,

in which they agreed upon a determination of "alimony, support, division of property and property rights, including dower and the custody and support of the minor children of the parties," and said decree further recited that the court had examined said contract and found the same to be in all respects just and reasonable, and approved and confirmed the same and adopted the terms and provisions thereof.

Said agreement was made in December of 1926, and said divorce decree was entered on April 25, 1927.

On August 3, 1928, the husband filed an application in said case for a modification of the decree as to the amount of the monthly payments he should be required to pay to his former wife. He claimed that subsequent to the making of said agreement there had been a material change in the condition of the parties, that his father, before his death, had amply provided by will for said wife and children, and that he (the husband) had remarried and was less able to pay the amount agreed upon.

Upon the hearing of that application the court found that the monthly payment to be made by the husband to the wife should be reduced from $125 to $100.

The husband, not being satisfied with the small reduction made in the amount of said payments, has brought the matter before this court upon a petition in error, seeking to have the judgment entered upon such application reversed and set aside.

The wife has filed what is denominated an "answer in error," in which she sets forth the provisions of said contract and decree in reference to

monthly payments, and the right of the parties to submit the question of a modification to the court of common pleas, and the provision that they agreed to be bound by the determination and judgment of the court, and claims that, by reason of said provisions in the contract and decree, the husband should not be permitted to maintain this proceeding in error, and asks that the petition in error of the husband be dismissed.

It seems to be settled that, before a right has accrued or an obligation has been incurred, a party cannot bind himself by contract to renounce his right to appeal to the courts for the redress of wrongs, because it would be against public policy to permit parties to renounce our Constitution and laws. *Myers* v. *Jenkins, Admr.,* 63 Ohio St., 101, 57 N. E., 1089, 81 Am. St. Rep., 613.

But the contract in question in the instant case does not violate the above-mentioned principle. By virtue of the marriage relation, the parties had mutual rights and obligations, and they did not attempt to renounce their right to appeal to the courts, but, on the contrary, recognized the right of each to apply to the courts for a determination of their respective rights and obligations, and agreed to attempt to have the court approve the settlement of their affair which they had made.

When that approval was obtained and the court entered judgment in accordance therewith, said settlement, so far as the monthly payments to be made were concerned, was not to be final, but was subject to the right of either party to apply to the court of common pleas for a modification thereof because of

changed conditions of the parties; but it was also expressly agreed that each party should be bound by the determination and judgment of the court of common pleas in reference thereto.

Such provision that each party should be bound by the judgment of the common pleas court seems to us to be meaningless, unless it means that the parties waived the right to have such judgment reviewed by a higher court, and in our judgment that is what the parties intended, and what the court approved, when that provision of the contract was specifically set out and made a part of the judgment of the court.

If that is the proper construction to be placed upon the agreement of the parties, should the same be enforced by this court?

"Though there are a few cases to the contrary, the rule prevailing in the great majority of the jurisdictions is that an agreement, based on a sufficient consideration, not to appeal or take a writ of error, or a release of errors, is valid and binding, and when properly pleaded will constitute a bar to proceedings taken in violation of the agreement." 2 Ruling Case Law, "Appeal and Error," Section 39, page 59.

"The rule obtaining in a majority of jurisdictions is that a stipulation waiving the right to appeal is valid and binding, and when properly pleaded will constitute a bar to an appeal taken in violation of the terms thereof." 19 Ann. Cas., 1065, note.

The general rule is that "such agreements or stipulations will be enforced by dismissal or quashing of the appeal or writ of error taken or sued out

in violation thereof, or by refusing to pass upon questions covered by the waiver." 3 Corpus Juris, "Appeal and Error," Section 533, page 661.

In an action to contest a will, the parties entered into a written agreement by which they settled the case; the agreement provided that, "if any question should hereafter arise between the parties hereto as to the construction and enforcement of this agreement, the same shall be submitted for decision to this court and its decision shall be final." It was urged that such agreement was invalid because it ousted the reviewing courts of jurisdiction; but it was held that, as the agreement did not oust all courts of jurisdiction, but on the contrary required the decision of a court of competent jurisdiction, it was valid and binding on the parties, and it was stated by the court in concluding the opinion that "we think on grounds of public policy litigants should be encouraged to accept as final the decisions of courts of original jurisdiction." *Hoste* v. *Dalton*, 137 Mich., 522, 100 N. W., 750, 752. See, also, *U. S. Consol. Seeded Raisin Co.* v. *Chaddock & Co.* (C. C. A.), 173 F., 577, 19 Ann. Cas., 1054.

The general principle hereinbefore referred to seems to have been recognized and applied in *Emerick* v. *Armstrong*, 1 Ohio, 513, where the case was settled by agreement except as to the matter of costs, which, it was agreed, should be submitted to and decided by the common pleas court. The Supreme Court observed in its opinion that "this point the court of common pleas decided in favor of the complainant; and thus the whole cause is disposed of under the agreement of the parties by the umpire

to whom they referred it. * * * This court never investigates the rights of parties settled by themselves, except upon suggestion of fraud or imposition.''

In the instant case, the judgment, which included the provision that the parties should be bound by the decision of the common pleas court on the application to modify, was made by agreement of the parties, and therefore can be changed at the instance of said parties only in the manner and to the extent provided in said judgment, and subject to the stipulation contained therein that the parties shall be bound thereby. We hold that such judgment is valid and binding on the parties and operates as a waiver of the right to have reviewed the decision of the common pleas court on the application to modify; and, there being no claim of fraud or mistake, the petition in error is dismissed.

*Petition in error dismissed.*

FUNK, P. J., and PARDEE, J., concur.