Rosewood Corporation, an Illinois Corporation, Plaintiff-Appellee, v. Illinois Bell Telephone Company, a Corporation, and Sidney R. Olsen, Registrar of Titles, and County of Cook, a Municipal Corporation, Defendants-Appellants.

Gen. No. 50,341.

First District, First Division.

February 18, 1966.

Rehearing denied March 28, 1966.

Sidley, Austin, Burgess & Smith, of Chicago (Kenneth F. Burgess, James E. S. Baker, Henry A. Preston

and George A. Platz, of counsel), for appellant, Illinois Bell Tel. Co.

Moses and Theodore J. Levitan, of Chicago, for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

This suit for a declaratory judgment concerns a dispute between the Illinois Bell Telephone Company and the Rosewood Corporation, the owner of a parcel of real estate in Chicago, as to which of the parties is obligated to pay the costs of removing telephone equipment from the property. The case turns on the question of whether Rosewood is bound by an agreement under which a prior owner of the property obligated itself to reimburse Bell for such expenses. It is the position of Rosewood that it is not so bound because that prior owner had registered the property under the Torrens Act, and there was no registration of the agreement either by the prior owner or by Bell. There is no issue as to any material fact, and both parties moved for summary judgment in the trial court. The motion of Rosewood was granted, and Bell appeals.

The roots of this controversy reach back over forty years. In 1922, Bell and the Commonwealth Edison Company jointly erected poles on the property. Written permission to do so was obtained at the time from the then owner of the property, and from the tenant. In 1923, the owner of the property registered it under the Torrens Act, but gave no notice of this fact either to Bell or to Commonwealth Edison. In 1925, Bell installed underground conduit across the property. In 1926, Bell and the then owner of the property entered into a written agreement which grants Bell "the right and easement to operate, maintain and renew its telephone equipment" on the property, and further provides as follows:

The said Illinois Bell Telephone Company hereby agrees that upon sixty (60) days' written notice, from the undersigned, its successors and assigns, it will rearrange or remove its equipment located and maintained as above set out; provided, only, that the undersigned, its successors and assigns, will compensate the said Illinois Bell Telephone Company upon demand at the completion of such rearrangement or removal, for such expenses as shall be incurred by the Illinois Bell Telephone Company in connection with such rearrangement or removal of said equipment.

This agreement was never registered in Torrens.

Subsequent to the agreement Rosewood acquired the property in question by deed which conveyed said lot together with six adjoining vacant lots and the Registrar of Titles issued its Owner's Duplicate Certificate of Title dated September 25, 1962, showing fee simple title to said lot in plaintiff, subject only to taxes, building restrictions, etc., without notice of the existence and terms of the aforementioned agreement. In 1963, Rosewood wished to utilize the property for purposes of real estate development, and requested Bell to remove its equipment. Bell demanded payment of the costs of the removal in the amount of $3,445.43 under the terms of the agreement, but Rosewood denied that it was bound thereby. In anticipation of litigation of the issue, and to facilitate the use of the property by the owner, the parties entered into an escrow agreement pursuant to which Rosewood deposited the costs of removal and Bell removed the equipment immediately. A further provision of that 1963 escrow agreement read as follows:

7. Bell agrees that if upon termination of said proposed litigation by way of final judgment, order or decree entered in the Circuit Court of Cook County, Illinois, (or other court of general jurisdiction) it

shall be found that Rosewood's title to said premises is not subject to any rights in Bell, then upon demand of Rosewood, Bell will promptly return to Rosewood said sum of $3445.43.

Rosewood brought this suit for a declaratory judgment in the Circuit Court of Cook County, and the summary judgment and this appeal followed.

Preliminarily, we are faced with a motion by Rosewood filed in this court to dismiss the appeal on the grounds that Bell waived its rights to appeal by the above language contained in the 1963 escrow agreement. The motion was taken with the case.

In support thereof, Rosewood argues it is settled law that parties to litigation may, in advance thereof, waive rights of appeal, waive errors or otherwise give up rights of appeal from a lower court. Rosewood further argues that the decision of the Circuit Court was a final judgment; that it was the intent of the parties that Bell would not appeal a final judgment of the Circuit Court against them; and that if the clause of the escrow agreement is construed otherwise, it is without any significance whatever. Bell argues that if, under Illinois law, a party can waive his right to appeal at all, it must be done by clear and unequivocal language so providing. It is suggested that the words, "final judgment" are susceptible to a variety of interpretations, and that such language is not sufficiently clear and unequivocal to justify depriving a party of his right to appeal. It is further argued that such a construction of the agreement would be unfair, because Rosewood is not similarly prohibited from appealing an adverse decision.

■■ In our view, the use of the words "final judgment" in this agreement was intended to mean the final adjudication of the rights of the parties, which would include the exercise or expiration of the right to appeal. If a waiver of the right to appeal had been intended,

335

the parties could have explicitly so provided; or they could have provided that Bell would pay over that amount upon the entry of "judgment" in the Circuit Court, as opposed to "final judgment." The word "final" in the agreement must have been intended to have some effect. If the parties had intended to prohibit Bell's right of appeal, they could have used language similar to that used in the agreement in the Michigan case cited by Rosewood, Hoste v. Dalton, 137 Mich 522, 100 NW 750, which was: "If any question should hereafter arise between the parties hereto as to the construction and enforcement of this agreement, the same shall be submitted for decision to this court [the agreement was entitled in the circuit court for the county of Wayne] *and its decision shall be final."* 100 NW at 751. (Emphasis added.) We conclude that Bell did not waive its rights of appeal by virtue of the language of the escrow agreement.

Turning to the merits, we find that section 40 of the Torrens Act (Ill Rev Stats c 30, § 84 (1963)) provides in relevant part as follows:

> The registered owner of any estate or interest in land brought under this Act shall, notwithstanding any rules of the common law to the contrary except in cases of fraud to which he is party, or of the person through whom he claims without valuable consideration paid in good faith, hold the same subject to the charges hereinabove set forth [not here material] and also only to such estate, mortgages, liens, charges and interest as may be noted in the last certificate of title in the Registrar's Office and free from all others except:
>
> (1) General taxes for the calendar year in which the certificate of title is issued, and special taxes or assessments which have not been confirmed.

336

(2) Such right of appeal, writ of error, right to appear and contest the application, and action to make counter claim as is allowed by this Act.

From this language, it is clear that if Bell's agreement with the former owner of the property is deemed to convey to Bell any variety of interest in the land, it is unenforceable against Rosewood because it was not duly registered. The exception labelled (2) in the portion of § 40 of the Torrens Act quoted above does not apply here because § 27 of the Torrens Act (Ill Rev Stats c 30, § 71 (1963)) prohibits any person from asserting any interest or right in or lien or demand upon land registered in Torrens more than two years after the entry of the order or decree by which the land was registered.

■ ■ Bell urges that the agreement signed by it with the former owner of the property did not convey to Bell any interest in the land, but instead constituted the granting of a "license." This contention is made despite the fact that the agreement itself purports to grant to Bell a "right and easement" in the property. We conclude, however, that under the circumstances of this case this agreement can only be construed to have conveyed to Bell some estate in, charge upon, or interest in the property. Bell's failure to register its interest, therefore, precludes it, in the absence of fraud, from enforcing it against a subsequent purchaser, under the statutory language quoted above; and there is no allegation of fraud in this case.

Bell argues that the open and adverse presence of its equipment on the property constituted constructive notice to Rosewood that Bell possessed some rights in the property; and that an inspection of the property by Rosewood before purchasing it, followed by an inquiry into Bell's rights, would have disclosed to Rosewood the exis-

tence of this agreement. Plaintiff concedes that the two telephone poles, together with the supports therefor and wires strung thereon were visible, and Bell admits that the underground cables and equipment were not visible. Bell cites Ambrosius v. Katz, 2 Ill2d 173, 117 NE2d 69, and directs our attention to the following language in the opinion of our Supreme Court in that case:

A purchaser is bound to inquire of the person in possession by what tenure he holds and what interest he claims in the premises. It is well settled that whatever is sufficient to put a party on inquiry is notice of all facts which pursuit of such inquiry would disclose, and without such inquiry no one can claim to be an innocent purchaser as against him whose possession raises the inquiry. 2 Ill2d at 182.

The property involved in Ambrosius, however, was not Torrens property. Section 42 of the Torrens Act (Ill Rev Stats c 30, § 86 (1963)) provides the rule for Torrens property:

Except in case of fraud and except as herein otherwise provided, no person taking a transfer of registered land, or any estate or interest therein, or of any charge upon the same from the registered owner shall be held to inquire into the circumstances under which, or the consideration for which such owner or any previous registered owner was registered, or be affected with notice, actual or constructive, or any unregistered trust, lien, claim, demand or interest; and the knowledge that any unregistered trust, lien, claim, demand or interest is in existence shall not of itself be imputed as fraud.

■ ■ Bell contends that Garlick v. Imgruet, 340 Ill 136, 172 NE 164, is directly applicable in holding that open and notorious possession of property registered

in Torrens constitutes constructive notice to the purchaser of the contractual rights of the person on the land. But the ruling in Garlick does not apply to this case for two reasons: First, the contractual right in that case was an option to purchase the property contained in a lease for a term of less than five years. Such leases are specifically exempted from the registration requirement for interests in Torrens property. See section 54 of the Torrens Act (Ill Rev Stats c 30, § 98 (1963)). Secondly, the Supreme Court in Garlick concluded that the conveyance therein was fraudulent. The provisions of section 42 of the Torrens Act quoted above specifically exclude cases in which the conveyance was fraudulent; and there is no allegation of fraud in the instant case.

■ Bell further contends that the Torrens Act does not provide for the registration of agreements such as the one entered into by Bell and the former owner of the property; and that, this being the case, it would be unjust to hold the agreement unenforceable for want of registration. But no attempt was ever made by Bell to register the agreement, and thus such registration was never refused. Without having attempted to protect its own rights, Bell cannot now argue that they would have been prevented from doing so.

The final contention is that this agreement qualifies as a lease for a term of less than five years, and therefore conveyed to Bell an interest in the property which is valid despite the lack of registration, according to the provisions of section 54 of the Torrens Act (Ill Rev Stats c 30, § 98 (1963)). We are of the opinion, however, that even if the agreement were a lease, it would not be for a term of less than five years, and therefore would not come under the statutory exception.

■ The general purpose of the Torrens Act is to provide an independent system of registration, whereby an intending purchaser of land can determine from

the register the condition of the title. People v. Mortenson, 404 Ill 107, 88 NE2d 35. The Torrens Title registration system is intended to bring together in one place all of the facts relevant to title. The Act by its nature frees the purchaser from the obligation of examining anything other than a "will or lease not exceeding five years where the land is in actual possession of the lessee . . ." Torrens Act, section 54 (Ill Rev Stats c 30, § 98 (1963)). To hold Rosewood liable to Bell on this unrecorded agreement with the prior owner would directly contravene this purpose.

The judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

KLUCZYNSKI, P. J. and MURPHY, J., concur.