(No. 39975.—)

ROSEWOOD CORPORATION, Appellee, *vs.* ILLINOIS BELL
TELEPHONE COMPANY, Appellant.

*Opinion filed September 29, 1967.*

KLUCZYNSKI, J., took no part.

SIDLEY, AUSTIN, BURGESS & SMITH, of. Chicago,
(JAMES E. S. BAKER and HENRY A. PRESTON, of counsel,)
for appellant.

MOSES AND THEODORE J. LEVITAN, of Chicago, for ap-
pellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

In this declaratory judgment action the circuit court
of Cook County, upon motion of the parties, entered sum-
mary judgment in favor of plaintiff, Rosewood Corpora-
tion, against defendant, Illinois Bell Telephone Company,
for $3445.43. The Appellate Court, First District, affirmed
(69 Ill. App. 2d 331) and we granted leave to appeal.

Plaintiff became the owner of a parcel of land in Chi-
cago registered under the Torrens Act, (Ill. Rev. Stat.
1965, chap. 30, pars. 45 *et seq.,*) in 1923. Utility poles used
by Bell were located on the premises and in 1925 it installed
underground conduit. By a written instrument dated July

10, 1926, which was never registered, a prior owner granted to Bell the right to operate and maintain telephone equipment on the premises with a proviso that Bell would rearrange or remove it upon sixty days' written notice upon the owner's payment of the cost of rearrangement or removal. The parties entered into an escrow agreement whereby Bell was to, and did, remove its equipment and plaintiff deposited the cost of removal until determination of litigation.

Bell contends that the instrument is a license, not an easement, and therefore it was not subject to registration. If it is an easement (the granting clause reads: "grant * * * the right and easement") it is the intent of the Act that it must be registered since the form of certificate of title in section 30 (par. 74) specifically provides for a statement regarding easements. Regardless of what the parties designate the instrument, we are of the opinion that it was subject to registration in order to be binding on subsequent purchasers. Section 54 (par. 98) provides in pertinent part: "A deed, mortgage, lease or other instrument purporting to convey * * * charge or otherwise deal with registered land * * * other than a will or lease not exceeding five years * * * shall take effect only by way of contract, between the parties thereto, * * *." Bell argues that the language of section 59 of the Act (par. 103) indicates that not all instruments which relate to or deal with real estate were to be registerable but only those which actually affect the title. The two sections must be read together and effect must be given to the specific provision of section 54 for registration of an instrument "purporting to * * * deal with registered land." The instrument in question dealt with this land. It permitted the construction and maintenance of poles, underground conduits and appurtenances which prevented the owners' full use and enjoyment of the land for successive sixty-day periods until notice be given to remove. Under

the Act a subsequent purchaser was entitled to knowledge of the restriction on his use of the property through registration of the instrument.

Since we hold the instrument subject to registration under the Torrens Act, plaintiff is not chargeable with constructive notice by virtue of the structures visible above the ground level. Section 42 of the Act (par. 86) provides, with exceptions such as fraud, that a transferee of title shall not be chargeable with notice, actual or constructive, of an unregistered claim or interest. *Garlick* v. *Imgruet,* 340 Ill. 136, is distinguishable since the option there was part of a lease for less than the statutory period of five years and there was a question of fraud.

We are in accord with the view of the Appellate Court that there was no error in the holding of the trial court.

The judgment of the Appellate Court, First District, is affirmed.

*Judgment affirmed.*

Mr. JUSTICE KLUCZYNSKI took no part in the consideration or decision of this case.