DECISION
This is an appeal by appellant, The Washington Nursing Home, from a judgment of the Franklin County Court of Common Pleas, dismissing appellant's appeal from an order of appellee, Ohio Department of Human Services ("ODHS"), directing implementation of a final settlement report following an audit of appellant's facility for the 1989 calendar year.
Appellant is a licensed nursing home, certified to participate in Ohio's "medical assistance program," known as the Medicaid program. ODHS is the state agency that administers the medical assistance program pursuant to R.C. Chapter 5111 and Title XIX of the "Social Security Act." Under R.C. Chapter 5111, nursing homes are eligible for reimbursement for services provided to Medicaid eligible recipients, and such providers of services are required to submit cost reports covering a calendar year. ODHS conducts reviews and audits of those reports, and the audit may result in ODHS notifying a provider that certain costs are not allowable. R.C. 5111.27.
In the present case, ODHS prepared an audit report regarding costs submitted by appellant for the 1989 calendar year. By letter dated August 26, 1992, ODHS sent appellant a "proposed Final Settlement for the period January 1, 1989 through December 31, 1989." The letter stated in part that "[a] review of the Final Settlement indicates that the amount payable to Ohio Department of Human Services is $44,827.36." The letter also included a proposed adjudication order, as well as a settlement conference request and waiver forms, and a final settlement report and audit report.
Appellant requested a settlement conference regarding ODHS's proposed adjudication order to implement the final settlement. In its request, appellant contested various issues arising out of ODHS's final settlement findings. ODHS subsequently issued a revised final settlement for the 1989 calendar year, reflecting that the provider (appellant) was due the amount of $12,589.44. On February 22, 1999, counsel for appellant signed a "revised 1989 final settlement waiver." Above counsel's signature, the waiver stated:
 I request the Ohio Department of Human Services to implement the final settlement for the period of January 1, 1989 through December 31, 1989. As such, I hereby waive my right to appeal the settlement under Chapter 119 of the Ohio Revised Code (Ohio [A]dministrative Code Procedure Act). Provider reserves the right to participate in all pending class actions affecting this reimbursement period.
The waiver form reflected that the revised 1989 final settlement amount due the provider was $12,589.44, and also contained the following language:
 This Final Rate Recalculation does not include amounts due ODHS that are the result of the United States Department of Health and Human Services, Office of Inspector General Audit Report #A-05-97-00028. ODHS will pursue collection of these amounts outside this final rate recalculation.
On May 27, 1999, the director of ODHS issued an adjudication order implementing a "report of final settlement dated 08/26/92 for the reimbursement period January 1, 1989 through December 31, 1989." The order indicated that the total amount due the provider was $12,589.44. The order incorporated language from the final settlement waiver providing that "this final rate recalculation does not include amounts due ODHS that are the result of the United States Department of Health and Human Services, Office of Inspector General Audit Report #A-05-97-00028," and that "ODHS will pursue collection of these amounts outside this final rate recalculation."
On June 10, 1999, appellant filed a notice of appeal with the trial court from the adjudication order issued on May 27, 1999. In the notice of appeal, appellant asserted that "[t]he adjudication order is not in accordance with law in that it is not a final order because it purports to exclude any collection of amounts which may be owed to the Department as a result of United States Department of Health and Human Services, Office of Inspector General Audit Report #A-05-97-00028." In its brief before the trial court, appellant asserted that any adjustment related to an audit by the Office of Inspector General ("OIG") was never included in the revised settlement report issued by the agency, nor was it agreed to by appellant.
On July 31, 2000, the trial court rendered a decision and judgment entry dismissing appellant's appeal of the adjudication order. Specifically, the trial court determined that appellant was "bound by its settlement agreement with ODHS and the right to appeal has been waived."
On appeal, appellant sets forth the following two assignments of error for review:
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING THE APPEAL BECAUSE THE ADJUDICATION ORDER ISSUED BY THE DEPARTMENT WAS INVALID.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING THE APPEAL WITHOUT ADDRESSING THE MERITS.
In Vesely v. Liquor Control Comm. (Mar. 29, 2001), Franklin App. No. 00AP-1016, unreported, this court discussed the applicable standards of review for a trial court and an appellate court involving an appeal from an administrative agency pursuant to R.C. 119.12:
 In an administrative appeal, pursuant to R.C. 119.12, the trial court reviews the agency's order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with the law. Evidence which is reliable, is evidence which is dependable. In order to be reliable, there must be a reasonable probability that the evidence is true. Probative evidence is evidence which tends to prove the issue in question. Substantial evidence is evidence with some weight. Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570, 571. * * *
 On further appeal to this court, the standard of review is more limited. Unlike the common pleas court, the court of appeals does not determine the weight of the evidence. * * * In reviewing the common pleas court's determination that the agency's order is or is not supported by reliable, probative and substantial evidence, the appellate court's role is, in part, limited to determining whether the common pleas court abused its discretion. * * *
Appellant's two assignments of error are interrelated and, for purposes of review, we will consider these assignments of error together. Appellant's primary contention under the first assignment of error is that the adjudication order at issue is invalid. Under the second assignment of error, appellant argues that the trial court erred in failing to address the merits of the case, i.e., the issue of whether the adjudication order was valid.
In support of its argument that the adjudication order issued by the agency was invalid, appellant points to the language of R.C. 5111.06(B)(2), which states as follows:
 (B) Except as provided in division (D) of this section, the department shall do either of the following by issuing an order pursuant to an adjudication conducted in accordance with Chapter 119. of the Revised Code:
* * *
 (2) Take any action based upon a final fiscal audit of a provider.
Appellant asserts that, under R.C. 5111.06(B)(2), the term "action" is singular, and, for purposes of the instant case, refers to the issuance of an adjudication order to finally settle the 1989 audit period. Appellant argues that ODHS is not authorized by R.C. 5111.06(B)(2) to issue multiple adjudication orders relating to the 1989 audit period. Thus, appellant contends, if ODHS is claiming that it needs to adjust or recalculate the fiscal audit of appellant's facility at some later date due to an OIG audit, then ODHS has not yet conducted a "final fiscal audit" of the facility for 1989 within the meaning of R.C. 5111.06(B)(2).
Appellant further contends that the trial court erred in failing to consider its argument that an adjudication order issued by an agency implementing a final settlement report for a nursing home audit period cannot be issued with reservation language. However, the trial court did not reach that issue because of the court's determination that appellant waived the right to appeal based on the settlement waiver it executed. Thus, we initially address the issue whether the trial court erred in dismissing the appeal due to the court's determination that appellant relinquished its right to appeal.
In general, "the doctrine of waiver is applicable to all personal rights and privileges, whether secured by contract, conferred by statute, or guaranteed by the constitution, providing that the waiver does not violate public policy." TransOhio Savings Bank v. Millston Apartments of Aberdeen, Ltd. (Dec. 17, 1992), Franklin App. No. 92AP-702, unreported. Further, Ohio courts "have long held that agreements between parties waiving the right to appeal a given issue are valid and binding." State v. Kuns (Oct. 2, 1990), Montgomery App. No. 11823, unreported. Thus, in Turk v. Trolley Tours of Cleveland, Inc. (Aug. 19, 1993), Cuyahoga App. No. 62964, unreported, the court noted:
 Under Ohio law, an agreement between parties not to appeal particular findings will be enforced if supported by consideration:
 The courts of Ohio have quoted with approval a general principle that an agreement based upon a sufficient consideration not to prosecute appellate proceedings is binding and may act as a bar to proceedings taken in violation of the agreement. Such agreements or stipulations expressly waiving the right to appeal, other requisites being present, are valid and binding. They are upheld on the ground of public policy as encouraging litigants to accept, as final, decisions of courts of original jurisdiction.
In Sanitary Commercial Services, Inc. v. Shank (1991), 57 Ohio St.3d 178, the Ohio Supreme Court addressed the issue of whether an aggrieved party, who is entitled to a discretionary appeal from an order of the director of a state agency, may waive the statutory right to appeal. In Shank, the court held that a party may waive the right to appeal "where the aggrieved party knew of the right to appeal, intended to waive that right, and gave and received sufficient consideration for waiving that right." Id. at 180. In Shank, the agreement was supported by sufficient consideration where the appellee surrendered its right to appeal but gained the opportunity to expand its landfill activities, while the agency surrendered its right to sanction appellee for then-existing violations, but gained the ability to issue orders at a future date without the need to defend its actions through appellate litigation. Under the facts of Turk, supra, "the parties' mutual agreement to dismiss their cross-claims and waive their appeals served as consideration."
In the present case, ODHS initially informed appellant, by letter dated August 26, 1992, that the proposed final settlement for the 1989 calendar year indicated that appellant owed ODHS the amount of $44,827.36. In response, appellant requested a settlement conference with the agency. In its request, appellant listed nine separate contested issues: (1) "Medical supplies audit adjustment"; (2) "Incontinence audit adjustment"; (3) "Nursing rehabilitation audit adjustment"; (4) "Property taxes audit adjustment"; (5) "Nursing rehabilitation settlement adjustment"; (6) "Incontinence variance requested"; (7) "A G ceiling"; (8) "A G settlement adjustment"; and (9) "Return on net equity audit adjustment."
An "exit conference narrative" indicates that a number of issues were addressed and, as a result, various audit adjustments were retained while others were deleted. ODHS subsequently submitted a revised final settlement report providing that appellant was owed the sum of $12,589.44. On February 22, 1999, counsel for appellant signed the "revised 1989 final settlement waiver" form providing for ODHS to implement the final settlement for the period of January 1, 1989 through December 31, 1989, based on the $12,589.44 amount due the provider.
As previously noted, the revised settlement waiver form contained language whereby appellant waived the "right to appeal the settlement under Chapter 119 of the Ohio Revised Code," while reserving the "right to participate in all pending class actions affecting this reimbursement period."[1] The waiver also provided that the final rate calculation did "not include amounts due ODHS that are the result of the United States Department of Health and Human Services, Officer of Inspector General Audit Report #A-05-97-00028," and that "ODHS will pursue collection of these amounts outside this final rate recalculation."
Under Ohio law, waiver is defined as "the voluntary relinquishment of a known right." Shareholders of Paul-Ann Corp. v. Dissolution of Paul-Ann (June 6, 2000), Franklin App. No. 99AP-828, unreported. Further, it has been held that agreements or stipulations, based on valid consideration, not to appeal "`will be enforced by dismissal or quashing of the appeal * * * or by refusing to pass upon questions covered by the waiver.'" Brown v. Brown (1930), 35 Ohio App. 182, 186-187. See, also, Speeth v. Fields (1946), 47 Ohio Law Abs. 47, 49 ("'A stipulation by the parties to a suit that no appeal shall be taken from the decree of the trial court, if based on a valid and legal consideration, will be enforced by the appellate court and an appeal if taken, dismissed'").
In the present case, the final settlement waiver contains language recognizing the right of appeal under R.C. Chapter 119, and appellant's counsel signed the agreement explicitly waiving that right. Under the waiver, appellant received the sum of $12,589.44 as settlement for issues arising from the 1989 final settlement report. Such payment constituted valid consideration for appellant's agreement to forego further challenges as to disputed amounts arising out of the audit adjustments made by ODHS. The settlement waiver also addressed the issue of ODHS's right to pursue collection of amounts due to ODHS resulting from an OIG audit report, such amounts to be pursued "outside this final rate recalculation," while appellant reserved the "right to participate in all pending class actions affecting this reimbursement period." Thus, the issue of ODHS's right to pursue future amounts resulting from an OIG audit report was specifically addressed in the settlement waiver signed by appellant's counsel. The adjudication order subsequently issued by ODHS incorporated the language of the settlement waiver reserving the agency's right to pursue those potential amounts. Under these circum-stances, we find that the trial court did not abuse its discretion in rejecting appellant's contention that it never agreed to a term which would potentially expose it to recoupment of funds related to an OIG audit. Rather, we agree with the court's finding that appellant knowingly waived its right to appeal.
Further, inasmuch as appellant waived its right to appeal, we conclude that the trial court did not err in failing to address the merits of the case. See Turk, supra (court will not review merits of appeal where parties agreed not to prosecute appellate proceedings).
Finally, we note that the trial court, in finding that appellant waived the right to appeal, employed jurisdictional language in its decision. In our view, the matter more appropriately implicates the issue of waiver of error, analogous to situations in which a party attempts to appeal from a consent judgment. In such cases, "the court of appeals will take jurisdiction and recognize the appeal even though it then will refuse to review the merits and summarily will affirm the * * * [trial] court's final decision." Luna v. Apfel (D.C.N.J. 1997), 986 F. Supp. 275, 278. Notwithstanding the language utilized in the trial court's decision, we affirm the judgment of the trial court based on our finding that the court did not err in determining that appellant waived its right to appeal.
Based upon the foregoing, appellant's first and second assignments of error are overruled and the judgment of the trial court is hereby affirmed.
______________________________________ DESHLER, J.
BRYANT, P.J., and KENNEDY, J., concur.
[1] In its decision, the trial court noted that the legality of potential recoupment by ODHS of funds paid by OHDS to the United States Department of Health and Human Services was currently the subject of a class action suit before a common pleas judge in case No. 99CVH06-5249.