OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral argument to this court. Appellant, Richard Beymer appeals the decision of the Columbiana County Court of Common Pleas, Probate Division, which vacated findings and orders entered in a previous judgment entry. The issues before this court are whether the trial court gave proper notice before doing so and whether it had jurisdiction to do so since the orders vacated were being appealed. Because the trial court's actions were inconsistent with this court's jurisdiction to affirm, reverse, or modify its decision, the trial court's decision is vacated for a lack of subject matter jurisdiction and this case is remanded for further proceedings.
 Facts {¶ 2} Glenn Staib died on January 21, 2001, and on February 16, 2001, Cynthia Yager was appointed administratrix of his estate. Subsequently, Yager filed an inventory of the estate and Beymer filed exceptions to that inventory. At a hearing on those exceptions, Yager admitted she breached her fiduciary duties both as power of attorney prior to Staib's death and as administratrix of the estate. In a judgment entry filed on June 5, 2002, the trial court removed Yager as administratrix and appointed her attorney as interim administratrix pending formal appointment of a successor administrator.
 {¶ 3} On June 26, 2002, Beymer applied for authority to administer the estate. The trial court appointed Beymer as administrator on July 11, 2002. Yager timely appealed the trial court's July 11th entry, which was assigned Case No. 02 CO 45.
 {¶ 4} On August 15, 2002, the trial court held a hearing to review the orders it entered on July 11th. At that hearing, the trial court was advised that Yager had appealed the July 11th entry. She stated that she would voluntarily dismiss her appeal if the trial court granted her leave to file a Civ.R. 60(B) motion for relief from judgment which she eventually filed on August 26, 2002. That same day, Yager filed her motion to dismiss her appeal pending in this court. This court did not grant her motion until September 4, 2002.
 {¶ 5} On August 30, 2002, the trial court filed another judgment entry. In that entry, the trial court found it needed to preserve the state of affairs prior to the July 11th order and vacated both the June 5th order removing Yager as administratrix and the July 11th order appointing Beymer as administrator. Beymer timely appeals the August 30th judgment.
 Trial Court Jurisdiction Pending Appeal {¶ 6} In the second of his two assignments of error, Beymer alleges:
 {¶ 7} "The lower court erred in conducting two (2) hearings and issuing two (2) judgment entries in this matter while an appeal concerning issues raised in those hearings was pending."
 {¶ 8} As both parties acknowledge, a trial court generally loses jurisdiction to take action in a case after an appeal has been filed.State ex rel. Special Prosecutors v. Judges (1978), 55 Ohio St.2d 94,97. It only retains jurisdiction "over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt, appointment of a receiver and injunction." Id. In this case, Yager moved to dismiss her appeal of the journal entry appointing Beymer as administrator on August 26th, which this court did not grant until September 4th. But on August 30, 2002 during the pendency of that first appeal, the trial court vacated its order appointing Beymer. Beymer argues the trial court did not have jurisdiction to vacate its prior entries since this court still had jurisdiction over Yager's first appeal until it was dismissed on September 4th. In response, Yager argues the trial court's jurisdiction to vacate those entries was triggered when she filed her motion to dismiss the appeal on August 26th.
 {¶ 9} App.R. 28 allows a party to voluntarily dismiss an appeal. It provides:
 {¶ 10} "If the parties to an appeal or other proceeding shall sign and file with the clerk of the court of appeals an agreement that the proceedings be dismissed and shall pay whatever costs are due, the court shall order the case dismissed.
 {¶ 11} "An appeal may be dismissed on motion of the appellant upon such terms as may be fixed by the court." Id.
 {¶ 12} Although the Rule provides that a joint motion to dismiss filed by all the parties to an appeal must be dismissed, it does not do the same when the motion to dismiss is made solely by the appellant. The Eighth District has specifically held that a trial court does not have jurisdiction over a case after it has been appealed until the appellate court has ordered the case dismissed, even if the parties have filed an App.R. 28 motion to dismiss. State v. Taogaga, 8th Dist. No. 79845, 2002-Ohio-5062, ¶ 25. Moreover, it is axiomatic that a court speaks only through its journal. State ex rel. Worcester v. Donnellon (1990),49 Ohio St.3d 117, 118. Since a dismissal can only come from the appellate court, the trial court does not have jurisdiction until the appellate court journalizes its order dismissing the case. Accordingly, the trial court did not have jurisdiction to vacate the July 11th order until this court granted Yager's motion to dismiss.
 {¶ 13} In contrast, the Yager cites cases which state that parties cannot appeal from a judgment when the parties agreed to that judgment. See Brown v. Brown (1930), 35 Ohio App. 182; The Washington D v. OhioState Dept. of Human Services (June 14, 2001), 10th Dist. No. 00AP-939. These cases are not on point. The parties agree to neither the July 11th nor the August 30th order. Furthermore, the principle of law that Yager cites has nothing to do with a trial court's jurisdiction over an issue.
 {¶ 14} Since the trial court did not have the jurisdiction to take the action it did in its August 30th judgment entry, that judgment is void. Beymer's second assignment of error is meritorious.
 Removal of Administrator {¶ 15} Because Beymer's second assignment of error is not only meritorious, but also dispositive of the instant appeal, we will not address the merits of his first assignment of error, which alleges:
 {¶ 16} "The lower court erred as a matter of law in removing Richard Beymer as the administrator of the estate of Glenn L. Staib without giving notice and without conducting a hearing with the presentation of evidence."
 {¶ 17} As the trial court did not have jurisdiction to enter the order, it does not matter whether or not it gave proper notice or a hearing before entering that order. Accordingly, this assignment of error is moot. See App.R. 12(A)(1)(c).
 {¶ 18} Because the trial court did not have jurisdiction to vacate its July 11 order on August 30, its judgment doing so is void. Accordingly, the trial court's judgment entry of August 30, 2003 is vacated and this cause is remanded for further proceedings.
Donofrio and Vukovich, JJ., concur.