OPINION AND JOURNAL ENTRY
{¶ 1} On February 21, 2006, we issued our Opinion in In reEstate of Phelps, 7th Dist. No. 05 JE 19, 2006-Ohio-890. We affirmed the judgment of the Jefferson County Court of Common Pleas, Probate Division, that removed Appellant as administrator of the estate of Thomas E. Phelps. Appellant had argued that he was entitled to a hearing prior to being removed as administrator, and we concluded that the probate court properly followed the procedure described in R.C. § 2109.31 for issuing a citation against and removing a fiduciary who has failed to properly file an account, inventory, certificate of notice of probate of will, or report. Appellant has filed a Motion for Reconsideration, pursuant to App.R. 26(A), arguing that our Opinion failed to consider the holding of a prior case issued by this Court.
 {¶ 2} Our standard of review of a motion for reconsideration is very limited:
 {¶ 3} "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." Columbus v. Hodge (1987),37 Ohio App.3d 68, 523 N.E.2d 515, paragraph one of the syllabus. However, "[a]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court."State v. Owens (1997), 112 Ohio App.3d 334, 336,678 N.E.2d 956.
 {¶ 4} Appellant contends that the holding in In re Estate ofStaib, 7th Dist. No. 02 CO 59, 2003-Ohio-6280, has some bearing on this instant appeal. In the Staib appeal, the administrator of the estate of Glenn Staib challenged the trial court's decision to vacate an order that had appointed him as administrator. The judgment was challenged on two grounds. First, he argued that the trial court had no jurisdiction to vacate the prior order because the prior order had been timely appealed, thus placing the case under the exclusive jurisdiction of the appellate court. Second, he argued that the trial court could not remove him as administrator without first providing a hearing. We resolved the appeal on jurisdictional grounds, and further reasoned that "[a]s the trial court did not have jurisdiction to enter the order, it does not matter whether or not it gave proper notice or a hearing before entering that order. Accordingly, this assignment of error is moot." Id. at ¶ 17. There is no holding or analysis in Staib that would shed any light on the issue raised in the instant appeal, and thus, there would have been no reason for us to discuss Staib in our original Opinion.
 {¶ 5} Appellant has failed to point out any obvious error in our Opinion, or any issue that we failed to consider or did not consider fully but should have. Therefore, we hereby overrule Appellant's motion for reconsideration.
Waite, J., concurs.
Vukovich, J., concurs.
DeGenaro, J., concurs.